UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

      **THE RICHMOND GROUP, INC.**            Case No.
      d/b/a DDR Repack                               16-20258
      d/b/a Richmond Foods,              (Chapter 7)

                     Debtor.
_____


## APPLICATION TO EMPLOY COUNSEL IN NEW ZEALAND


**THE APPLICATION OF DOUGLAS J. LUSTIG, Trustee in Bankruptcy**, respectfully represents:

      1.     On March 11, 2016, an involuntary petition under Chapter 7 of the United States Bankruptcy Code (the "*Code*") was filed against the Debtor, The Richmond Group, Inc., (the "*Debtor*"). On May 23, 2016, an Order for Relief in an Involuntary Case was entered in ths case, pursuant to 11 USC 303(h). On June 15, 2016, Douglas J. Lustig, Esq., was appointed as the Interim Trustee (the "*Trustee*") and he continues to serve in that capacity.

      2.     To date, the Trustee's administration of the Estate has included the prosecution of numerous adversary proceedings intended to utilize the Trustee's powers under Chapter 5 of the Code avoid and recover transfers made by the Debtor in the months leading to the petition date. In that regard, through the efforts of his litigation counsel, the Trustee has obtained a $1,491,838.69 judgment from this Court against the Debtor's principal, Craig N. Wilson.

      3.     Mr. Wilson is currently resides in, and, the Trustee's investigation discloses, owns significant assets in New Zealand. Substantial benefit will inure to the Debtor estate and the Trustee if this Court's judgment against Mr. Wilson can be enforced against him and his assets under the laws of New Zealand.

      4.     Michael Heard, Creon Upton, and their firm LeeSalmonLong are well qualified to provide those services as New Zealand counsel, and to represent the Trustee in his efforts in that nation. LeeSalmonLong is a specialist litigation practice located in Auckland, New Zealand, focusing largely in commercial and business matters. Mr. Heard is a partner in the Firm, with an extensive practice in commercial and insolvency law. Mr. Upton is a solicitor in the Firm, litigating principally commercial and civil matters. Messrs. Heard and Upton, together with their colleagues, are fully capable to effectively and economically advocate on behalf of the Trustee's interests, and to provide the services necessary to make such recovery as the Trustee may be able to obtain. Such services would include negotiation with the Judgment Debtor's representatives, preparation of any papers or Court documents as may be appropriate and necessary, appearances

where warranted and all other necessary or incidental services to the Trustee's efforts to recover or obtain property of the Estate.

5. To the best of applicant's knowledge, LeeSalmonLong and Messrs. Heard and Upton have no connection with the Debtor, its attorneys and accountant, the United States Trustee, or any person employed in the Office of the United States Trustee.

6. Mr. Heard has prepared an Affidavit of Disinterestedness which is attached to – and made a part of – this Application, and which represents that neither he nor his firm has an interest adverse to the Trustee or to the Debtor's Estate in the matters for which they are to be engaged as counsel to the Trustee. It is submitted that employment of Messrs. Heard and Upton and LeeSalmonLong is in the best interest of this Estate.

7. Messrs. Heard and Upton (and LeeSalmonLong) have agreed that no compensation for legal services rendered to the Debtor's Estate will be paid except upon the filing of an application for allowance with the Court, and subject to approval of such application by the Court. Mr. Heard's hourly rate is NZ$480 (approximately US$312) and Mr. Upton's hourly rate is NZ$280 (approximately US$180). It is believed that these rates are reasonable in the Auckland community for attorneys with Messrs. Heard's and Upton's experience and capabilities. Other professional and paraprofessionals at LeeSalmonLong will bill at their standard hourly rates, which range from NZ$400 – NZ$850 for partners; NZ$300 – NZ$420 for associates; NZ$160 – NZ$350 for solicitors, and NZ$50 – NZ$160 for paraprofessionals.

8. The proposed appointment of Messrs. Heard and Upton and LeeSalmonLong to act as New Zealand counsel for the Trustee provides and appropriate framework within which necessary, substantial legal services for the benefit of the Debtor's Estate can be obtained from qualified counsel, at a reasonable cost, and within the Estate's ability to pay.

**WHEREFORE, Douglas J. Lustig, Chapter 7 Trustee**, requests that he be authorized to employ LeeSalmonLong to represent the Trustee as New Zealand counsel in this case, pursuant to 11 USC §327 and Federal Rule of Bankruptcy Procedure 2014, and that he have such other and further relief as the Court may deem just, equitable and property.

Dated: November 7, 2018.

                                        /s/Douglas J. Lustig
                                        **DOUGLAS J. LUSTIG, Trustee**